UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA BOUTILLIER,<br>    Plaintiff, | :<br>:<br>: |
| v. | : 3:13cv1303 (WWE) |
| | :<br>: |
| HARTFORD PUBLIC SCHOOLS,<br>    Defendant. | :<br>: |

### RULING ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Lisa Boutillier brings this action against defendant Hartford Public Schools for violations of, inter alia, Title VII, the Connecticut anti-discrimination statutes, and constructive discharge.

Defendant has filed a motion to dismiss. For the following reasons, the motion to dismiss will be granted in part and denied in part.

### BACKGROUND

For purposes of this ruling, the Court assumes that the allegations are true.

Plaintiff was a teacher at the Noah Webster Elementary School, which is within the Hartford Board of Education. Plaintiff is married to a same sex spouse who is employed by the Hartford Board of Education. In August 2011, plaintiff was diagnosed with a pulmonary embolism and underwent a hysterectomy. She took a medical leave until January 2012. In January 2012, plaintiff was reassigned to a new position as a floating first and second grade workshop/reading teachers.

In September 2009, Vernice Duke became the Assistant Principal at Noah Webster and was assigned as plaintiff's supervisor. Plaintiff alleges Ms. Duke would

1

berate her, scream at her and criticize her after she learned about plaintiff's sexual orientation.

After several instances of alleged hostility towards her, plaintiff left work for the remainder of the school year. She was informed during her leave of absence that her medical insurance would be cancelled. Plaintiff filed an internal harassment complaint in mid-June 2012. She filed a complaint with the Connecticut Commission on Human Rights and Opportunities on September 21, 2012.

In August 2013, plaintiff was informed of a change in her teaching assignment that would have resulted in Duke becoming her direct supervisor for that school year. Plaintiff submitted her resignation from her employment.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss for failure to state a claim, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. 662 (2009).

**Anti Discrimination Statutes**

Defendant points out that plaintiff's first count asserts a violation of Connecticut General Statutes section 46-58(a), which does not apply to employment discrimination. Plaintiff has explained that she mislabeled the count and that she will amend the complaint to state the correct statutory violation. Accordingly, this claim will be dismissed.

Defendant also maintains that plaintiff's Title VII claim fails because Title VII does not encompass discrimination on the basis of sexual orientation. See Rodas v. Town of Farmington, 567 Fed. Appx. 24 (2d Cir. 2014). Plaintiff responds that her claim may be construed as asserting a gender stereotyping theory of discrimination that has been recognized as cognizable. See Dawson v. Dumble & Bumble, 398 F.3d 211 (2d Cir. 2005); Gilbert v. Country Music Ass'n, Inc., 432 Fed. Appx. 516 (6th Cir. 2011). Plaintiff has stated that the discriminatory conduct commenced after certain individuals became aware of her sexual orientation and that she was subjected to sexual stereotyping during her employment on the basis of her sexual orientation. Construed most broadly, she has set forth a plausible claim she was discriminated against based on her non-conforming gender behavior.

**Constructive Discharge**

Defendant asserts that plaintiff's claim for constructive discharge should be dismissed because it is not an independent cause of action. However, plaintiff's allegations may be construed to state a claim for wrongful termination in violation of public policy, which is recognized as a cause of action by the Connecticut Supreme

Court.  Morris v. Hartford Courant Co., 200 Conn. 676, 679 (1986).  The motion to dismiss will not be granted as to this count.

## **CONCLUSION**

Based on the foregoing, defendant's motion to dismiss [doc. #13] is GRANTED only as to the claim for violation of Connecticut General Statutes section 46-58a.  The motion to dismiss is otherwise DENIED.  Within 10 days of this ruling's filing date, plaintiff is instructed to file an amended complaint.


    /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 25th day of September, 2014 at Bridgeport, Connecticut.